CALOGERO, Justice.
Robert Louis Rabun, charged with second degree murder, was tried by jury in September of 1975 and found guilty as charged. From his sentence of life imprisonment, he takes this appeal arguing that his conviction should be reversed on the basis of four assignments of error.
In brief to this Court, defendant reorganizes these four assignments into two arguments. He argues first that defendant’s rights guaranteed by the fourth and fourteenth amendments to the federal constitution were violated when he was arrested without probable cause. This argument lacks merit. The state established that Rabun was arrested on the basis of the following facts-: he was at the scene of the crime on the evening of the crime’s commission; his fingerprints were discovered near the window where the perpetrator allegedly entered the house; and the alibis he had previously given to police could not be verified. Although defendant argues that the United States Supreme Court decision in Brown v. Illinios, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) supports his position, that case is distinguishable because the policeman who arrested Brown admitted that no probable cause existed for his arrest, whereas here probable cause did exist to justify Rabun’s arrest.
Secondly, defendant argues that his rights guaranteed by the fifth and fourteenth amendments to the federal constitution were violated when the trial judge determined that a confession which defendant gave was admissible into evidence. *219 Both of the officers described in detail that the statement was given without force, threats, or duress and aftfer proper Miranda warnings had been given. These repeated assertions were totally uncontra-dicted.
Defendant merely alleges that the statement was involuntary and in support thereof points to a g;ap in the tape recording of the statement and to defendant’s accentuated emotional tones after the break in the recording. He evidently wishes the Court to assume that defendant was threatened or beaten during the period when the conversation was not recorded. We have listened to the tape and make no such assumption. The police officers explained the gap and the defendant’s emotional tone to the satisfaction of the trial judge who found defendant’s statement to be voluntary. The tape reveals that the officers questioned the defendant calmly and meticulously, repeatedly urging him to calm down. At the end of the session they specifically asked the defendant if he had been forced to speak, and he asserted that he had spoken freely and voluntarily. The trial judge correctly found that the statement was voluntary.
Accordingly, finding no merit in defendant’s assignments of error and finding no error discoverable from the pleadings and proceedings, defendant’s conviction and sentence are affirmed.